**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NANCY SHER, JAMES R. ABEL,
JENNIFER BAKER, CAROL A. CALECA,
JOURA FINK, LOUIS GIOCONDO,
BETTY L. KEY, individually and on behalf of
all others similarly situated,,

      Plaintiffs,

v.                                    CASE NO: 8:08-cv-889-T-26TGW

RAYTHEON COMPANY,

      Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion to Dismiss (Dkt. 22) and Plaintiffs'

Memorandum in Opposition (Dkt. 44).  After careful consideration of the allegations of

the Complaint (Dkt. 2), the Court concludes that the motion should be denied.

Generally, the Court finds that the factual allegations of the Complaint (Dkt. 2)

meet the requirements set forth in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955

(2007).  The Court agrees with Plaintiffs that the asserted failure of the Complaint to

assert causes of action for trespass, private nuisance, unjust enrichment, strict liability for

abnormally hazardous activities, negligence, and medical monitoring are without merit.

The allegations of trespass are not contradictory, and adequately identify the property location by the continuing migration of the groundwater from the site to the Plaintiffs' property.  Should exact property lines become an issue with respect to damages, discovery may be used to resolve any boundary issues as the case progresses. The physical harm aspect of the claim for private nuisance[1] has been satisfied by the allegations of the Complaint that the Plaintiffs' property has been invaded by the contaminants from the site.[2]  The benefit conferred on Raytheon, as alleged in the count for unjust enrichment, comports with pleading requirements by describing the repeated and intentional trespasses on the Plaintiffs' land without restitution for the expense of waste disposal.

---

[1]   "The law of private nuisance is a law of degree; it generally turns on the factual question whether the use to which the property is put is a reasonable use under the circumstances, and whether there is 'an appreciable, substantial, tangible injury resulting in actual, material, physical discomfort, and not merely a tendency to injure.'"  Beckman v. Marshall, 85 So.2d 552, 555 (Fla. 1956) (adopting this quoted language from an Ohio appellate court).  Based on the factual questions to be answered, foreclosing a claim for private nuisance at the pleading stage does not seem prudent, particularly given the factual allegations in this case.

[2]   See St. Joe Co. v. Leslie, 912 So.2d 21, (Fla.Dist.Ct.App. 2005) (stating that nuisance claims require physical harm, not just diminution in value); Adams v. Star Enters., 51 F.3d 417, 423 (4th Cir. 1995) (discussing the cases under Virginia law permitting recovery for nuisance when the physical damage to property is not perceived but actual).  It appears that what constitutes physical damage to property may include the infiltration of contaminants onto or underneath property, provided there is damage caused by the contaminants.  The course of discovery will reveal the extent, if any, of the alleged physical damage.

The count of strict liability for conducting abnormally hazardous activity is sufficiently pled in view of the activities alleged in the form of storing, exposing, and disposing of hazardous chemicals on the Plaintiffs' property.  The count for negligence based on failure to warn is legally sufficient to withstand dismissal, and the Complaint adequately alleges injury to the Plaintiffs' property.  Finally, with respect to medical monitoring, the Complaint alleges the bare minimum to survive a motion to dismiss—that Plaintiffs have been exposed to contaminants through the negligence of Defendant and those exposures have increased the risk of contracting serious latent diseases for which means of early detection are available.[3]

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 22) is **DENIED**.  Defendant shall file an answer to the Complaint within 15 days of the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on July 15, 2008.


    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record

_____

[3]   See Wyeth, Inc. v. Gottlieb, 930 So.2d 635, 640 (Fla.Dist.Ct.App. 2006) (listing seven elements of cause of action for medical monitoring).